# 1st JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

## STATE OF LOUISIANA

NO. 623,328

DIVISION C

### JOYCE VARNELL

### VERSUS

### WALMART, INC., WAL-MART LOUISIANA, LLC, AND WAL-MART REAL ESTATE BUSINESS TRUST

FILED:_____         _____
                                                                     **DEPUTY CLERK**

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Joyce Varnell, person of the full age of majority and a resident of the State of Louisiana, who, with respect, shows the Court as follows:

I.

That Walmart, Inc. made a party defendant herein, is a corporation organized under the laws of the State of Delaware with its principal place of business in Bentonville, AR, with continuous and systematic contacts with the State of Louisiana throughout all relevant time periods herein. Wal-Mart Louisiana, LLC, made a party defendant herein, is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas and members domiciled in the State of Arkansas with continuous and systematic contacts with the State of Louisiana throughout all relevant time periods herein. That That Wal-Mart Real Estate Business Trust, made a party defendant herein, is a real estate investment trust organized under the laws of the State of Delaware with its principal place of business in Bentonville, AR, with continuous and systematic contacts with the State of Louisiana throughout all relevant time periods herein. That said Defendants are solidarily liable to Petitioner for the following:

II.

Venue is appropriate in the Parish of Caddo pursuant to Code of Civil Procedure Article 74, as the subject suit is an action on offense or quasi offense where the Petitioner suffered the alleged damages in said Parish, and those damages were cause by a hazard in said Parish.

III.

At all times relevant herein, Defendants Walmart, Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Real Estate Investment Trust, henceforth collectively "Walmart", maintains, controls,

and exerts garde over immovable property located at 9550 Mansfield Road in the City of Shreveport and Parish of Caddo (the "Premises") where it owns and operates a commercial retail establishment called "Walmart Supercenter."

IV.

Defendant Walmart by virtue of its roles as the owner and operator of a commercial establishment open to the public, owed a general duty of care to maintain the premises in a reasonably safe condition.

V.

Further, Defendant Walmart owed additional specific, statutory duties of care by virtue of its control over the Premises pursuant to LSA-CC Arts. 2317, and 2317.1 and LA RS 9 § 2800.6.

VI.

That on or about October 9, 2019, Petitioner Joyce Varnell, was at the premises as a customer.

VII.

Unbeknownst to Ms. Varnell, water had accumulated, through a combination of leaking, mopping and/or spilling, in the aisle where customers walk. Defendants did not place warning signs in a manner to reasonably apprise Ms. Varnell of the hazard before encountering the same, to afford an opportunity to take an alternate path around the hazard. Moreover, despite knowing of the dangerous condition of the floor, defendants did not take adequate steps to ensure a safe walking surface.

VIII.

The wet floor was unreasonably dangerous because it presented a foreseeable risk of creating a fall hazard. Defendant Walmart, Inc. knew or should have known about the hazard because an employee caused the hazard and inadequately attempted to remediate the hazard, yet liquid still accumulated on the floor. The hazard was non-obvious because the liquid on the floor was transparent.

IX.

That the aforesaid accident occurred through no fault of Petitioner, Joyce Varnell, but rather solely through the fault of the Defendant Walmart, Inc. in breaching its duty to keep the premises of its establishment clean, safe, and free from defects and hazards, and failing to use due care under the circumstances in violation of the duties enumerated above.

2

X.

As a result of the aforesaid fall, Petitioner, Joyce Varnell, has sustained injuries to her body and mind including, without limitation, injuries to her shoulder and back, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; impairment; other expenses including, without limitation, travel to doctor appointments; and lost wages, all of which entitles Plaintiff to recover from Defendant the damages as are reasonable in the premises.

WHEREFORE, Petitioner, Joyce Varnell, prays, that Defendants Walmart, Inc., Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Wal-Mart Real Estate Investment Trust, be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Petitioner, Joyce Varnell, and against Defendants, Walmart, Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Real Estate Investment Trust for damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:
MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
PAN AMERICAN LIFE CENTER
601 POYDRAS ST., 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 599-3233
FACSIMILE: (800) 856-2423
E-MAIL: dthomson@morrisbart.com

BY: _____
DENNIS N. THOMSON, LA NO. 29452

**PLEASE SERVE:**
Walmart, Inc.
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

Wal-Mart Louisiana, LLC
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

Wal-Mart Real Estate Business Trust
Through its registered agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

ENDORSED FILED
SANDY ROTHELL, Deputy Clerk
APR 07 2020
CADDO PARISH DEPUTY CLERK OF COURT

3

# Citation

JOYCE VARNELL  
VS  
WALMART INC, ET AL

NO. 623328- C  
STATE OF LOUISIANA  
PARISH OF CADDO  
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   WALMART REAL ESTATE BUSINESS TRUST  
THRU CT CORPORATION SYSTEM, AGENT  
3867 PLAZA TOWER DR  
BATON ROUGE, LA  
70816

YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 7, 2020.

*Also attached are the following:  
__XX__ REQUEST FOR ADMISSIONS OF FACTS  
__XX__ INTERROGATORIES  
__XX__ REQUEST FOR PRODUCTION OF DOCUMENTS

**MIKE SPENCE, CLERK OF COURT**

By: _____

Deputy Clerk

_____DENNIS THOMSON_____  
Attorney

A TRUE COPY - ATTEST

_____

Deputy Clerk

These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 - 7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding accommodation and assistance.

**SERVICE COPY**



**Service of Process Transmittal**
04/24/2020
CT Log Number 537582174

**TO:** KIM LUNDY SERVICE OF PROCESS
WALMART INC.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** Process Served in Louisiana

**FOR:** Wal-Mart Real Estate Business Trust  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Varnell Joyce, Pltf. vs. Walmart, Inc., et al., Dfts. // To: Wal-Mart Real Estate Business Trust |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 623328C |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/24/2020 at 09:00 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/24/2020, Expected Purge Date: 04/29/2020<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



$____ FILED
MAY 06 2020
COLVIN ROBERSON
DEPUTY CLERK OF COURT
CADDO PARISH

| | |
|---|---|
| JOYCE VARNELL | NUMBER: 623,328-C |
| VERSUS | 1ST JUDICIAL DISTRICT COURT |
| WAL-MART, INC., ET AL. | CADDO PARISH, LOUISIANA |

### ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come defendants, WAL-MART, INC., WAL-MART LOUISIANA, LLC, and WAL-MART REAL ESTATE BUSINESS TRUST ("defendants"), who in response to the allegations of the Petition for Damages filed by plaintiff, JOYCE VARNELL ("plaintiff"), deny each and every allegation contained therein, except as specifically admitted hereinafter. And now, responding to the separately numbered allegations of plaintiff's petition for damages, defendants respond as follows:

### ANSWER TO PETITION FOR DAMAGES

1.

Defendants admit that they are named as defendants. In further answering, defendants deny the remaining allegations of paragraph 1.

2.

Defendants deny the allegations of paragraph 2.

3.

Defendants deny the allegations of paragraph 3. In further answering, defendants aver that the entity which owns and operates the store where the incident allegedly occurred is Wal-Mart Louisiana, LLC.

4.

Defendants deny the allegations of paragraph 4.

5.

Defendants deny the allegations of paragraph 5.

1

6.

Defendants deny the allegations of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.

Defendants deny the allegations of paragraph 7.

8.

Defendants deny the allegations of paragraph 8.

9.

Defendants deny the allegations of paragraph 9.

10.

Defendants deny the allegations of paragraph 10.

IN FURTHER ANSWERING, defendants affirmatively plead as follows:

11.

Defendants affirmatively plead the fault of plaintiff as the sole cause of the damages complained of by her. Plaintiff failed to keep a proper lookout and to observe her surroundings, and to exercise reasonable care for the safety and protection of her own person.

12.

In the alternative, defendants affirmatively plead the comparative fault of plaintiff or third persons. To the extent any fault is allocated to plaintiff or third persons, any damages awarded against defendants, the right to which is denied, should be reduced in proportion to the fault of plaintiff or third persons.

13.

Defendants affirmatively plead the fault of third persons for whom defendants are not responsible and whose fault may have caused or contributed to the damages plaintiff claims to have suffered.

2

14.

Defendants affirmatively plead plaintiff's failure to mitigate her damages.

15.

Defendants allege, without admitting any liability whatsoever, that any acts or omissions of defendants were superseded by the acts or omissions of others, including those of plaintiff or third persons, all of which were independent, intervening and superseding causes of all alleged injury, damage or loss.

16.

Subject to further investigation and discovery, plaintiff's claims may have prescribed under applicable statutes of limitation.

17.

Defendants show that if any of the medical expenses claimed by plaintiff in this case have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U.S.C. § 1395(v)(b)(B)(ii)(b)(a) and La. R.S. 46:153(E), plaintiff have no cause of action for recovery of any such medicals paid by Medicare and/or Medicaid as the acceptance of payment by or on behalf of plaintiff constitutes a complete assignment of rights to said entities for recovery of those benefits.

18.

Defendants show that they are entitled to a credit for any medical expenses discounted or mark down by any provider pursuant to an agreement with plaintiff or plaintiff's counsel and with regard to any mark down or discount resulting from health insurance payments or pursuant to a health insurance contract under the Balanced Billing Act, La. R.S. 22:1874.

19.

Defendants are entitled to a reduction in the amount for which they may be held liable in judgment in accordance with the degree or percentage of fault and/or negligence

attributable to plaintiff, or to any and all other persons and legal entities, including those which may be or are released by settlement, bankruptcy, or otherwise, all in accordance with the laws of indemnity, comparative negligence, subrogation, and/or contribution.

20.

Defendants show that they are entitled to a credit for any medical expenses discounted or marked down by any healthcare provider who paid such expenses on behalf of or to plaintiff pursuant to the Louisiana Workers' Compensation Act.

21.

Defendants reserve the right to assert additional affirmative defenses based upon further investigation and discovery.

22.

Defendants are entitled to and prays for a trial by jury as to all issues triable by a jury.

WHEREFORE, defendants, WAL-MART, INC., WAL-MART LOUISIANA, LLC, and WAL-MART REAL ESTATE BUSINESS TRUST, respectfully prays the above and foregoing answer be deemed good and sufficient; and that following due proceedings had, there be judgment herein in favor of defendants and against plaintiff, rejecting and dismissing the claims and demands of the plaintiff at plaintiff's cost.

DEFENDANTS FURTHER PRAY for all general and equitable relief.

DEFENDANTS FURTHER PRAY for a jury trial as to all issues triable by a jury.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

By: _____
Scott R. Wolf, La. Bar #28277

700 Regions Bank Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967

ATTORNEYS FOR DEFENDANTS, WAL-MART, INC., WAL-MART LOUISIANA, LLC, and WAL-MART REAL ESTATE BUSINESS TRUST

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answer to Petition for Damages has this date been served upon the following parties by placing same in the United States Mail, postage paid.

Dennis N. Thomson
Morris Bart, LLC
Pan American Life Center
601 Poydras Street, 24th Floor
New Orleans, Louisiana 70130
*Attorneys for Plaintiff*

Shreveport, Louisiana, this 5th day of May, 2020.

_____
OF COUNSEL

5

| | |
|---|---|
| JOYCE VARNELL | NUMBER: 623,328-C |
| VERSUS | 1ST JUDICIAL DISTRICT COURT |
| WAL-MART, INC., ET AL. | CADDO PARISH, LOUISIANA |

## REQUEST FOR NOTICE OF TRIAL AND JUDGMENT

NOW INTO COURT, through undersigned counsel, come the defendants, WAL-MART, INC., WAL-MART LOUISIANA, LLC, and WAL-MART REAL ESTATE BUSINESS TRUST ("defendants"), who request that they be given at least ten (10) days' written notice in advance in accordance with Article 1571 and 1572 of the Louisiana Code of Civil Procedure, of the date that this case is to be fixed for hearing or trial, and pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, of all final and interlocutory judgments.

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

By:_____
Scott R. Wolf, La. Bar #28277

700 Regions Bank Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Telecopier: (318) 227-2967

ATTORNEYS FOR DEFENDANTS,
WAL-MART, INC., WAL-MART LOUISIANA, LLC, and WAL-MART REAL ESTATE BUSINESS TRUST

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Request for Notice of Trial and Judgment has this date been served upon the following parties by placing same in the United States Mail, postage paid.

> Dennis N. Thomson
> Morris Bart, LLC
> Pan American Life Center
> 601 Poydras Street, 24th Floor
> New Orleans, Louisiana 70130
> *Attorneys for Plaintiff*

Shreveport, Louisiana, this 5th day of May, 2020.

_____
OF COUNSEL